# In the United States Court of Federal Claims
### No. 18-1768T
### Filed: August 20, 2019

```
* * * * * * * * * * * * * * * * *
ASAFO AMEN EL,                       *
                                     *
            Plaintiff,               *   Pro Se Plaintiff; Tax; RCFC (9)m;
                                     *   Subject Matter Jurisdiction; Failure to
   v.                                *   State a Claim; Breach of Contract;
                                     *   Due Process; Fifth Amendment.
UNITED STATES,                       *
                                     *
            Defendant.               *
* * * * * * * * * * * * * * * * *
```

**Asafo Amen El**, pro se, Detroit, MI.

**Jennifer D. Spriggs**, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her were **David I. Pincus**, Chief, Court of Federal Claims Section, Tax Division, and **Richard E. Zuckerman**, Principal Deputy Assistant Attorney General, Tax Division.

## OPINION

**HORN, J.**

### FINDINGS OF FACT

On November 2, 2018, pro se plaintiff Asafo Amen El, formerly named Tyrus Lavell Tinnon, filed a complaint[1] against the defendant, the United States, alleging that defendant wrongly took $47,488.47 from him for the 2017 tax year. Plaintiff also alleges that defendant intentionally committed an "'*Anticipatory Breach of Contract*'" by indicating that the government would send plaintiff a tax refund "within 6 to 8 weeks," but failed to do so.[2]

---

[1] Plaintiff attached nine exhibits to his complaint, including some copies of selected tax filings, bank statements, as well as correspondence with the Internal Revenue Service (IRS). Plaintiff subsequently added a series of memoranda, an appendix, and a "verified" affidavit in filings with the court.

[2] When quoted, plaintiff's capitalization, choice of words, spelling errors, grammatical errors, fragments of sentences, emphasis and italics, which appear throughout plaintiff's complaint and supplemental filings, have been included unchanged in this Opinion.

Plaintiff asserts that on April 16, 2018, he submitted documents to the IRS and to JPMorgan Chase Financial Company LLC (JP Morgan Chase), seeking a tax refund he claims the government owes him.[3] Plaintiff alleges that defendant's "taking of my funds of $47,488.47, that have also, prevented me from committing to other business transactions, caused by the Capitalistic U.S. Government." (citations omitted). Plaintiff further alleges that JPMorgan Chase injured him by failing to forward back to him a "PS FORM 3811," an injury that plaintiff alleges as a Fifth Amendment takings violation. In addition, plaintiff alleges that by failing to provide a tax refund, defendant "By a preponderance of evidence of Breaching my Contract," demonstrated "an intentional gross negligence and abuse" against him by using "their 120 degrees of tricknology by deception," which plaintiff alleges defendant committed by using a different social security number other than the one he provided. According to plaintiff, by doing so, "Defendants have conspired against me with culpability too manipulate the Documents, that had been forwarded on April 16th of 2018, with intentional 'Professional Abuse in Office', that was done by virtue of theft to the victims property(s)."

In his complaint, plaintiff seeks a tax refund payment of $47,488.47, as well as "special damages, as appropriate" to compensate him for "Intentional- negligence" by the IRS, which plaintiff alleges "denied me of my *substantive- due process.*" Plaintiff also seeks $47,488.47, as well as "special damages, as appropriate" from JPMorgan Chase for its failure to forward a "PS 3811" form to him. In addition, plaintiff demands "compensatory & punitive damages" in the amount of $9,497,694.00, for what plaintiff alleges were defendant's "reprehensible Act(s)" that were "unreasonably risky . . . maliciously; intending to defraud another without reason or justification."

Throughout the complaint, plaintiff makes numerous references to alleged legal principles, court cases, and religious and historical texts in an attempt to support his various arguments. The relevance, or correctness, of such references are not generally clear.[4] For example, plaintiff asserts:

> ***"i" am bringing a claim for prayer of relief sought for liquidating in monetary damages.*** Id. <u>Eastport Steamship Corp. v. United States, 372 F.2d 1002, 1009 (Ct. Cl. 1967); Doe v. United States, 224 Ct. Cl. 632 (1980). United States v. Mitchell, 463 U.S. 206, 216 (1983); Wright v. United States, 20 Cl. Ct. 416, 420-21 (1990).</u> Jurisdiction is proper where "i" the plaintiff is making a claim for money damages, based on these "money-mandating" source of substantive law(s), that is factual of "within the scope to the plaintiff, entitled for recover under these liquidating money-mandating

---

[3] It is unclear from his complaint why plaintiff submitted documents to JPMorgan Chase or why plaintiff seeks damages from JPMorgan Chase.

[4] For instance, on the last page of the complaint, plaintiff quotes Adam Smith's <u>The Wealth of Nations</u>, and cites portions of the Magna Carta and the Bible in his assertion that he has complied with Rule 6 (2018) of the Rules of the United States Court of Federal Claims (RCFC). Although plaintiff references legal principles and cases in his complaint, he uses them without explaining their relevance to his case, and generally uses them incorrectly.

2

sources." *Jan's Helicopter Serv., Inc. v. FAA, 525 F.3d 1299, 1309 (Fed. Cir. 2008); Fisher v. United States, 402 F.3d 1167, 1173, 1175 (Fed. Cir. 2005),*( 38, 36 Stat. at L. 117, chap. 6), (en banc in relevant part.) *Todd v. United States, 386 F.3d 1091, 1094* (Fed. Cir. 2004).

Moreover, plaintiff seeks to invoke this court's jurisdiction "over actions involving an express *'implied-in-fact',* Contract claims made by private parties against the United States Government."

On February 1, 2019, defendant submitted a motion for the plaintiff to file a more definite statement pursuant to RCFC 12 (2018), and argued that plaintiff's complaint was "vague and ambiguous" because the complaint omitted "special matters required by RCFC 9(m)," thus preventing the defendant from "determining whether this Court has jurisdiction over the complaint and responding substantively to the complaint." In its motion, defendant asserted that plaintiff's complaint failed to clearly identify "the tax period(s) for which a refund is sought," as well as "the amount, date, and place of each payment to be refunded to plaintiff." Furthermore, defendant asserted that plaintiff's complaint omitted the "copy of the claims for refund" for the specific tax period in question, and failed to include "Form 843, Claim for Refund and Request for Abatement," thus failing to comply with the tax refund claim requirements of RCFC 9(m) (2018). Additionally, defendant asserted that plaintiff's complaint was not properly redacted in compliance with RCFC 5.2 (2018).

On February 5, 2019, the court granted the defendant's motion, and ordered plaintiff to submit an amended submission that "include[s] a copy of each claim for refund for each tax year at issue, as well as the Form 843, Claim for Refund and Request for Abatement." The court also ordered plaintiff to properly redact his complaint in compliance with RCFC 5.2, and to provide the information necessary to be in compliance with RCFC 9(m).

On February 22, 2019, in response to the court's February 5, 2019 Order, plaintiff filed an eighty-five page "Response to Rule 9(I)(M), Motion for More Definite Statement under 12(e), Summary Statements Redacted. Joining Motions to Amend Complaint. Motions and Other Papers." In his response, plaintiff also refiled tax and bank documents he had provided with his original complaint, but this time redacting identifying information such as his bank account, identification, and social security numbers. In response to the court's February 5, 2019 Order, plaintiff asserts that "form 843, claim for refund is unavailable," noting that "in the Certificate of Service, that was delivered to the IRS, on 04/16/2018, there is no listening in the cell blocks, of Form(s) 843 claim for a refund." Furthermore, plaintiff asserts that he had delivered the necessary paperwork to the IRS, having "*created an exclusive folder(s)*" for Form 843 when he downloaded the paperwork from the Internet, but noting that the software application failed to save the information he filled in the form, a failure which plaintiff cites as a "technical glitch" and requests the court to treat as "'**Harmless Error**' under **RCFC- Rule 61.**" Simultaneously, plaintiff requests that the IRS "conduct a forensic-audit" of his IRS profile to find the paperwork he alleges was delivered to the IRS.

Plaintiff also provided the following statement in his response to the court's February 5, 2019 Order:

(A) Tax year- 2017
(B) The Amount was $47,488.47
(C) April 16th, 2018, 180 East Dakota St., Detroit, Michigan 48203
(D) ASAFO A. EL, 180 East Dakota St., 8166
(E) April 16th, 2018, 180 East Dakota St., Detroit, Michigan 48203

In addition, plaintiff submitted more exhibits, including his correspondences with the Treasury Department from December 2018 to February 2019, indicating that during this period, the Treasury Department withheld portions of payments sent to plaintiff to cover his outstanding tax debts. In response to these withholdings, plaintiff asserts additional requests for relief on the basis of a Fifth Amendment taking committed against him by the defendant. For the alleged taking, plaintiff requests default judgment against defendant, and demands "*monetary punitive damages, special damages*" in the amount of $51.0 million, calculated by $17.0 million per claim for relief. Plaintiff further indicates that if the government continues to withhold portions of future payments owed to him, punitive damages should increase to $68.0 million.

On March 15, 2019, defendant filed a response to plaintiff's February 22, 2019 submission, arguing for dismissal of plaintiff's complaint due to plaintiff's continued failure to comply with RCFC 9(m) and failure to establish the court's subject matter jurisdiction over plaintiff's complaint. Defendant asserts that plaintiff's February 22, 2019 submission failed to comply with RCFC 9(m)(2)(A) because the submission omitted a copy of the claim for refund for the relevant tax period. Defendant also notes that plaintiff's February 22, 2019 submission failed to include the Form 843 as mandated by the court's February 5, 2019 Order. Furthermore, defendant argues that plaintiff's response still "fails to identify the date and place of each payment to be refunded," "the IRS location where the return was filed," and "the IRS location where the claim for refund was filed." Additionally, defendant asserts that plaintiff, having alleged in his original complaint that he may have multiple identification numbers associated with his IRS account, failed to provide those numbers as required under RCFC 9(m)(2)(B)(vi).

After careful consideration and cognizant of plaintiff's pro se status, on May 3, 2019, this court granted plaintiff's request to file an amended complaint, instructed plaintiff to file the amended complaint by May 24, 2019, and counseled plaintiff to "carefully consider defendant's arguments" from the defendant's March 15, 2019 response when amending the complaint. By leave of the court, given his pro se status, plaintiff was allowed to file an out of time amended complaint on May 31, 2019. In his amended complaint, plaintiff again filed many of the same extraneous exhibits he had previously submitted with his earlier submissions. Plaintiff insists that, in addressing defendant's RCFC 9(m) concerns, he "placed copies of 10 copies consisting of 1099- A, 1099- OID, 1099- R, 1040 U.S. INDIVIDUAL INCOME TAX RETURN, 1096- ANNUAL SUMMARY & TRANSMITTAL OF U.S. INFORMATION RETURNS for each 1099 forms, 1040- V,

4

FORM." Plaintiff also asserts that he mailed the required Form 843 for his refund claim to the Treasury Department. Furthermore, in the amended complaint, plaintiff lists a number of federal cases to try to support his allegation of a Fifth Amendment claim, and to try to support his assertion that substantive law allows him to recover both compensatory and punitive money damages from the defendant. Finally, plaintiff alleges that defendant violated his due process rights under the Fifth Amendment by making an "'[i]ntentional' fraudulent bold statement" against him, which he alleges the IRS committed by sending him multiple notices about his outstanding tax debts.

On June 13, 2019, the defendant filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1) (2018). In the motion to dismiss, defendant argues that this court lacks jurisdiction over plaintiff's claims for the following reasons:

(1) Plaintiff failed to file a valid claim for refund for the 2017 tax year;

(2) plaintiff failed to fully pay the tax assessed for the 2017 tax year before filing suit;

(3) plaintiff's tort claims and claims based upon various constitutional provisions are outside the scope of the Court's limited subject matter jurisdiction; and

(4) plaintiff's claims against a private entity are outside the scope of the Court's limited subject matter jurisdiction.

Defendant also moved to dismiss plaintiff's complaint pursuant to RCFC 12(b)(6), alleging that "plaintiff's contract claims and refund claims fail to state a claim upon which relief can be granted."[5]

On July 16, 2019, plaintiff filed a response to the defendant's motion to dismiss, asserting a number of objections to the motion. In his response, plaintiff included several exhibits, including an IRS Form 8821 that he claims to have sent to the IRS on June 17,

---

[5] Prior to filing the complaint in the above-captioned case, case number 18-1768T, plaintiff filed an earlier complaint in the United States Court of Federal Claims, case number 17-927C. In the earlier case, plaintiff brought suit to recover retirement payments that the defendant allegedly owed him after plaintiff retired from the United States Postal Service. See El v. United States, No. 17-927C, 2018 WL 739761, at *2 (Fed. Cl. Feb. 7, 2018), aff'd, 730 F. App'x 928 (Fed. Cir. 2018). In the earlier case, plaintiff asserted he had received "improper annuity statements" as well as other injuries defendant allegedly caused him, such as negligence and constitutional violations. See id. at *1 (citations omitted). Plaintiff's complaint was dismissed without prejudice on February 7, 2018 for lack of subject matter jurisdiction. See id. at *3. Plaintiff appealed the dismissal to the United States Court of Appeals for the Federal Circuit, which affirmed the dismissal on July 11, 2018. See El v. United States, 730 F. App'x 928 (Fed. Cir. 2018).

2019, as well as a series of photographs and screenshots.[6] Responding to defendant's argument that he failed to file a valid claim for the 2017 tax year and failed to fully satisfy his 2017 tax obligations, plaintiff argues that he "**fully prepared a completion of a Contract for Tax Year 2017**" and that "**no-where on any of the 2017, Tax filings indicated a DEBT owe, in-fact, there is an amount of $47, 488.47, owed to the Plaintiff, by an implied -in fact Contract via a Express Contract.**" Plaintiff argues that "None of the tax forms that 'i' used indicated that 'i' needed to pay a debt before receiving my refund," and he further reasserts that he has a "**Tax refund contract**" formed with the IRS as a result of the May 2, 2018 IRS letter specifying that he would receive any tax refund within six to eight weeks. At the same time, concerning any failure to satisfy his tax obligations, plaintiff asserts that he did not pay his tax obligations because the IRS was at fault for using an incorrect social security number. To compensate for the injuries that defendant allegedly caused him and has yet to address, plaintiff demands, in his response, damages amounting to $400,547,488.47.

In his response, plaintiff further objects to the other jurisdictional reasons that defendant raised for dismissal of his case. Among those objections, plaintiff asserts that his claims do not sound in tort, arguing that if he did bring tort claims, "**The Court would have made an earlier decision to dismiss my claim for lack of subject matter.**" In conjunction with this assertion, plaintiff asserts that "**the Defendant's, are trying to fabricate my case and 'i' seek a notice of motion to strike- RCFC- 12(f), their Constitutional Tort Claim, under RCFC 12(F) motion to strike.**" Regarding defendant's argument about the lack of jurisdiction over plaintiff's claim against JPMorgan Chase, plaintiff asserts that although JPMorgan Chase is not part of the United States Government, the company nonetheless "**serves as a pass-through entity for the IRS.**" Plaintiff also insists that JPMorgan Chase is not "**the targeted parted that is being litigated.**" To avoid any confusion, however, that he was suing the institution, plaintiff asserts that he is "**taking the precaution of motion to 'strike' J.P Morgan Chase Co., as a listed Defendant under RCFC 12(a)(1)(f)(1)(2).**"[7]

On July 30, 2019, the defendant filed a reply to support defendant's motion to dismiss. In its reply, defendant emphasizes its prior arguments for dismissal of plaintiff's claims, including plaintiff's continued failure to file valid tax refund claims with the IRS and to fully satisfy his tax liabilities before seeking a refund in court. Defendant also contests plaintiff's assertion that the IRS used an incorrect social security number when handling plaintiff's tax matters, as well as the assertion that such an error would excuse plaintiff from paying taxes. Defendant reasserts that this court lacks jurisdiction over plaintiff's constitutional and tort allegations, as well as his allegations against a private, non-

---

[6] The photographs that plaintiff provided include screenshots from plaintiff's cellphone displaying call history with the IRS, a screenshot from plaintiff's computer displaying the list of tax files saved in his computer, as well as photographs of the cover of defendant's motion to dismiss, which plaintiff asserts was improperly formatted.

[7] Although plaintiff asserts that he is striking JPMorgan Chase as a defendant, he nonetheless asserts, in the conclusion part of his submission, that his "**private entity claim should not be dismiss.**"

6

government entity. Furthermore, defendant again argues that for plaintiff's contract claim, plaintiff failed to demonstrate the existence of a contract between himself and defendant.

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

As indicated above, defendant has moved to dismiss plaintiff's complaint for failure to state a claim and for lack of subject matter jurisdiction. In examining what must be pled in order to state a claim, a plaintiff need only state in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2) (2019); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The United States Supreme Court has stated:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [Conley v. Gibson, 355 U.S. 41, 47 (1957)]; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a

7

formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), see, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely") . . . . [W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56, 570 (footnote and other citations omitted; omissions in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570); Frankel v. United States, 842 F.3d 1246, 1249 (Fed. Cir. 2016); A&D Auto Sales, Inc. v. United States, 748 F.3d 1142, 1157 (Fed. Cir. 2014); Bell/Heery v. United States, 739 F.3d 1324, 1330 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2014); Kam-Almaz v. United States, 682 F.3d 1364, 1367 (Fed. Cir. 2012) ("The facts as alleged 'must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)); Totes-Isotoner Corp. v. United States, 594 F.3d 1346, 1354-55 (Fed. Cir.), cert. denied, 562 U.S. 830 (2010); Bank of Guam v. United States, 578 F.3d 1318, 1326 (Fed. Cir.) ("In order to avoid dismissal for failure to state a claim, the complaint must allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 557)), reh'g and reh'g en banc denied (Fed. Cir. 2009), cert. denied, 561 U.S. 1006 (2010); Cambridge v. United States, 558 F.3d 1331, 1335 (Fed. Cir. 2009) ("[A] plaintiff must plead factual allegations that support a facially 'plausible' claim to relief in order to avoid dismissal for failure to state a claim." (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570)); Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir.) ("The factual allegations must be enough to raise a right to relief above the speculative level. This does not require the plaintiff to set out in detail the facts upon which the claim is based, but enough facts to state a claim to relief that is plausible on its face." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555, 570)), reh'g denied (Fed. Cir.), cert. denied, 557 U.S. 937 (2009); Christen v. United States, 133 Fed. Cl. 226, 229 (2017); Christian v. United States, 131 Fed. Cl. 134, 144 (2017); Vargas v. United States, 114 Fed. Cl. 226, 232 (2014); Fredericksburg Non-Profit Hous. Corp. v. United States, 113 Fed. Cl. 244, 253 (2013), aff'd, 579 F. App'x 1004 (Fed. Cir. 2014); Peninsula Grp. Capital Corp. v. United States, 93 Fed. Cl. 720, 726-27 (2010), appeal dismissed, 454 F. App'x 900 (Fed. Cir. 2011); Legal Aid Soc'y of N.Y. v. United States, 92 Fed. Cl. 285, 292, 298 n.14 (2010).

When deciding a case based on a failure to state a claim, the court "must accept as true the factual allegations in the complaint." Engage Learning, Inc. v. Salazar, 660 F.3d 1346, 1355 (Fed. Cir. 2011); see also Erickson v. Pardus, 551 U.S. at 94 ("In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. at 508 n.1))); Scheuer v. Rhodes, 416 U.S. at 236 ("Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader."), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); Harris v. United States, 868 F.3d 1376, 1379 (Fed. Cir. 2017) (citing Call Henry, Inc. v. United States, 855 F.3d 1348, 1354 (Fed. Cir. 2017)); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

Defendant argues that with respect to a tax refund claim, plaintiff has failed to state a proper claim for this court to consider. In its motion to dismiss, defendant asserts that plaintiff's submissions to the court "failed to set forth sufficient facts to establish that he had overpaid his tax liability for the 2017 tax year." According to defendant, plaintiff has not demonstrated that he suffered a plausible injury, namely tax overpayment, and "has not stated a claim upon which relief can be granted." In a motion to dismiss for failure to state a claim, the United States Court of Appeals for the Federal Circuit has stated that dismissal is appropriate "when the facts asserted by the plaintiff do not entitle him to a legal remedy." Boyle v. United States, 200 F.3d 1369, 1372 (Fed. Cir. 2000) (citing N.Y. Life Ins. Co. v. United States, 190 F.3d 1372, 1377 (Fed. Cir. 1999)); see also Ullman v. United States, 64 Fed. Cl. 557, 570 (dismissing plaintiff's claim under RCFC 12(b)(6) due to plaintiff's failure to allege any facts to support a "threshold requirement" for his claim), aff'd, 151 F. App'x 941 (Fed. Cir.), reh'g denied (Fed. Cir. 2005). As defendant correctly notes, in a tax refund claim, a threshold requirement that a plaintiff must demonstrate for recovery is overpayment of tax money. See Williams v. United States, 112 Fed. Cl. 67, 75 (2013) (citing Pac. Gas and Elec. Co. v. United States, 417 F.3d 1375, 1381 (Fed. Cir. 2005), reh'g and reh'g en banc denied (Fed. Cir. 2006)). To pursue a tax refund claim, a plaintiff must provide the court "with grounds and facts sufficient to support the claim," namely information that indicates "the amount of tax liability and all tax payments made." Id. (citing 26 C.F.R. § 301.6402-2(b)(1)). In his 2017 tax return, which plaintiff included with his amended complaint, plaintiff reported no taxable income or tax payments for the 2017 tax year.

The United States Supreme Court has indicated that:

A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The

9

> Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought, and establishes strict timeframes for filing such a claim.

United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008) (citations omitted); see also United States v. Dalm, 494 U.S. 596, 609-10, reh'g denied, 495 U.S. 941 (1990); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009) ("[I]n the context of tax refund suits, the [United States Supreme] Court has held that the Court of Federal Claims' Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a)."[8]); Computervision Corp. v. United States, 445 F.3d 1355, 1363 (Fed. Cir.), reh'g and reh'g en banc denied, 467 F.3d 1322 (Fed. Cir. 2006), cert. denied, 549 U.S. 1338 (2007); Kiselis v. United States, 131 Fed. Cl. 54, 60 (2017) ("To establish jurisdiction, Plaintiff must establish that he filed an administrative refund claim with the IRS prior to filing suit in this Court."); Fremuth v. United States, 129 Fed. Cl. 684, 688 (2016) ("This Court's exercise of [tax refund] jurisdiction is subject, however, to several statutory and jurisprudential prerequisites."); Smith v. United States, 111 Fed. Cl. 740, 743 (2013) (noting that Congress intended for 26 U.S.C. § 7422(a) to apply broadly); Dumont v. United States, 85 Fed. Cl. 425, 428 ("To recover under the Tucker Act, a plaintiff must adhere to the requirements of 26 U.S.C. § 7422(a), which states that 'no such suit shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary.'" (quoting 26 U.S.C. § 7422(a))), aff'd, 345 F. App'x 586 (Fed. Cir. 2009), cert. denied, 559 U.S. 1101 (2010); Buser v. United States, 85 Fed. Cl. 248, 256 (2009).

---

[8] Before filing a tax refund claim in federal court, a plaintiff is required to file a claim with the IRS for the amount of the alleged refund, pursuant to 26 U.S.C. § 7422(a) (2018), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); see also Cooper v. United States, 123 Fed. Cl. 226, 232 (2015) (holding that, because plaintiff's tax forms did not comply with the requirements of 26 U.S.C. § 7422, the returns could not constitute duly filed refund claims). If a plaintiff does file an administrative claim for refund or credit, the plaintiff must wait six months from the date of filing the administrative claim, or until the IRS renders a decision on the claim, before filing suit in the United States Court of Federal Claims. See 26 U.S.C. § 6532(a)(1) (2018).

Moreover, for a refund claim, the court only may hear claims for which the petitioning taxpayer has fulfilled all of his or her tax liabilities for the tax year in question before the refund claim is heard. Flora v. United States, 357 U.S. 63, 72-73, 78 S. Ct. 1079, 2 L.Ed.2d 1165 (1958) (Flora I), aff'd on reh'g, 362 U.S. 145, 80 S. Ct. 630, 4 L.Ed.2d 623 (Flora II), reh'g denied, 362 U.S. 972, 80 S. Ct. 953, 4 L.Ed.2d 902 (1960). In Flora II, the United States Supreme Court stated that 28 U.S.C. § 1346(a)(1) (2018) requires "payment of the full tax before suit." Flora II, 362 U.S. 145, 150, 177, 80 S. Ct. 630, reh'g denied, 362 U.S. 972, 80 S. Ct. 953, 4 L.Ed.2d 902 (1960); see also Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming United States Court of Federal Claim's dismissal of pro se plaintiff's tax refund suit for lack of subject matter jurisdiction when plaintiff did not allege that he had paid his taxes for the years in which he sought a tax refund and when plaintiff's tax returns submitted to the court also showed that plaintiff did not pay any taxes for those years); Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993) ("The full payment requirement of Section 1346(a)(1) and Flora applies equally to tax refund suits brought in the Court of Federal Claims . . . ." (citing Tonasket v. United States, 218 Ct. Cl. 709, 711-12, 590 F.2d 343 (1978))); Simmons v. United States, 127 Fed. Cl. 153, 159 (2016) (dismissing tax refund claims for lack of jurisdiction when the plaintiff failed "to allege, much less demonstrate, that he has fully paid his outstanding tax liabilities" for the tax years at issue); Artuso v. United States, 80 Fed. Cl. 336, 338 (2008).

Regarding his possible tax refund claim, even after receiving instructions in the court's May 3, 2019 Order regarding the necessary elements of a proper tax claim, plaintiff fails to provide an amended submission that adequately establishes a valid tax claim under the applicable statutes and the Rules of this court. Plaintiff has failed to meet basic jurisdictional requirements for litigating a tax refund in this court. There is no indication in the record before the court that prior to bringing suit, plaintiff properly filed a refund claim with the IRS.

Furthermore, pursuant to Treasury Regulations, "[n]o refund or credit will be allowed . . . except upon one or more of the grounds set forth in a claim filed . . . . The claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402-2(b)(1) (2019). The regulations do allow taxpayers to use their tax returns as a refund claim, stating that "[a] properly executed individual, fiduciary, or corporation original income tax return or an amended return (on 1040X or 1120X if applicable) shall constitute a claim for refund or credit within the meaning of section 6402 and section 6511 for the amount of the overpayment disclosed by such return (or amended return)." 26 C.F.R. § 301.6402-3(a)(5) (2019). As defendant argues, plaintiff's tax returns for the 2017 tax year were not "properly executed"[9] such that they can serve as a claim for refund,

---

[9] For example, this court and the United States Court of Appeals for the Federal Circuit have ruled that a properly executed return must contain essential financial information. The Federal Circuit has held that "a form that contains zeros in place of any reportable income does not constitute a valid tax return." Waltner v. United States, 679 F.3d 1329, 1334 (Fed. Cir.), cert. denied, 568 U.S. 886, reh'g denied, 568 U.S. 1044 (2012). This

11

since the returns "failed to provide sufficient information to the IRS for those returns to be considered valid tax returns." Specifically, plaintiff's 2017 tax returns listed zeros for tax liability, wages received, and taxable income. Pursuant to 26 C.F.R. § 301.6402-3(a)(2), an individual taxpayer seeking refund of overpaid income tax must also indicate his claim for refund on Form 1040X, the "Amended U.S. Individual Income Tax Return." Generally, when a taxpayer fails to indicate on his amended tax return that he intends to make a tax refund claim, which is done by filling out the "Refund or Amount You Owe" section, the taxpayer has not "follow[ed] the formal procedures required to make a refund claim to the IRS." Williams v. United States, 112 Fed. Cl. at 76. In his Form 1040X, under the "Refund or Amount You Owe" section of the form, plaintiff entered no dollar amount for the line asking him the refund amount he seeks from the IRS. Plaintiff's failure to file complete documents with the IRS before seeking a remedy from this court, therefore, prevents this court from exercising jurisdiction over plaintiff's claims as filed.

In its motion to dismiss, defendant also points out that plaintiff's complaint "fails to comply" with the requirements of RCFC 9(m). The requirements of RCFC 9(m) detail the "jurisdictional prerequisites" for maintaining a tax refund claim in this court. See Simmons v. United States, 127 Fed. Cl. 153, 160, (2016); see also Jackson v. United States, 143 Fed. Cl. 242, 246 (2019) (holding that if a plaintiff fails to satisfy RCFC 9(m), this court "lacks jurisdiction" to hear a tax refund suit). RCFC 9(m) states that:

> In pleading a claim for a tax refund, a party must:
>
> (1) file the pleading under seal along with a redacted version of the pleading that conforms to RCFC 5.2; and
>
> (2) include:
>
>    (A) a copy of the claim for refund, and
>
>    (B) a statement identifying:
>
>       (i) the tax year(s) for which a refund is sought;
>
>       (ii) the amount, date, and place of each payment to be refunded;
>
>       (iii) the date and place the return was filed, if any;
>
>       (iv) the name, address, and identification number of the taxpayer(s) appearing on the return;
>
>       (v) the date and place the claim for refund was filed; and

---

court has held that when the taxpayer fails to "provide evidence of income or the amount of tax paid . . . [he] did not file a valid claim for refund." Williams v. United States, 112 Fed. Cl. at 75.

>   (vi) the identification number of each plaintiff, if different from
>   the identification number of the taxpayer.

RCFC 9(m).

Plaintiff has repeatedly failed to provide the necessary exhibits or information to enable this court to adjudicate his tax refund claim, even after receiving the court's instructions to produce the requested materials and information. The court's May 3, 2019 Order permitting plaintiff an opportunity to file an amended complaint stated that continued failure to comply with the tax refund claim requirements of RCFC 9(m) could result in dismissal of plaintiff's case. Despite notice from both the court and the defendant of the potential RCFC 9(m) defects in plaintiff's prior submissions, including plaintiff's failure to include a copy of a refund claim filed for the relevant tax period, and his failure to provide the requested Form 843, plaintiff still failed to cure these defects. Each time that plaintiff was asked to produce the requested materials, plaintiff refiled many of the same materials that he had provided in prior submissions. With his amended complaint, however, plaintiff continued to omit the requested Form 843, or the multiple identification numbers associated with plaintiff's IRS account he referenced. Having repeatedly failed to address the defects in his original complaint and subsequent submissions, plaintiff has failed to comply with the jurisdictional requirements for bringing a tax refund claim in this court. See Jackson v. United States, 143 Fed. Cl. at 246.

Even had plaintiff complied with the filing requirements, this court would still lack the jurisdiction to adjudicate plaintiff's claim because plaintiff has failed to satisfy his outstanding tax debts for the tax year in question. As noted above, failure to satisfy outstanding tax liabilities will result in dismissal of a tax refund claim in this court. For the 2017 tax year, for which plaintiff seeks a refund, the IRS certificate of assessments and payments submitted by the defendant indicates that as of September 3, 2018, plaintiff had an outstanding federal tax debt of $6,020.00, and that plaintiff had made no tax payments at all for the 2017 tax year. See Ledford v. United States, 297 F.3d at 1382 (holding that dismissal of tax refund claim was appropriate when government tax records showed that taxpayer did not pay taxes for the relevant period).

Plaintiff also tries to allege that he was wronged through "extreme willfulness, hubris and intentional acts of continuously **too** subvert the *taking clause-* of the *fifth Amendment* of the U.S. Constitution." Although plaintiff attempts to characterize his case as a Fifth Amendment takings claim, his case does not qualify as one. A claim for the refund of tax money and for damages arises from the government's taxing authority, rather than from the government's seizure or deprivation of private property, which would fall under the Fifth Amendment's takings law. See U.S. Shoe Corp. v. United States, 296 F.3d 1378, 1383 (Fed. Cir. 2002), cert. denied, 538 U.S. 1056 (2003); Gregoline v. United States, 99 Fed Cl. 161, 168 (2011) (parenthetical omitted) (citing Fry v. United States, 72 Fed. Cl. 500, 509 (2006); and Skillo v. United States, 68 Fed. Cl. 734, 743 (2005)); Skillo v. United States, 68 Fed. Cl. at 743 ("'Taxes do indeed "take" income, but this is not the

sense in which the Constitution uses "takings."'" (quoting Kerrigan v. United States, No. 96-484T, 1997 WL 685275, at *5 (Fed. Cl. Apr. 30, 1997))).[10]

Alternatively, plaintiff alleges that by failing to issue him a tax refund, defendant committed a breach of contract, after defendant indicated in a letter to plaintiff dated May 24, 2018 that the refund, according to plaintiff, "would be sent out within 6 to 8 weeks." The court agrees with the defendant that plaintiff has failed to plead sufficient facts for a plausible breach of contract claim. The United States Court of Appeals for the Federal Circuit has held that a plaintiff alleging breach of contract by the United States must demonstrate the basic contractual elements of "mutual intent to contract including an offer, an acceptance, and consideration." Trauma Serv. Group v. United States, 104 F.3d 1321, 1325 (Fed. Cir. 1997) (citing City of El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990), cert. denied, 501 U.S. 1230 (1991); Thermalon Indus. v. United States, 34 Fed. Cl. 411, 414 (1995); and Fincke v. United States, 230 Ct. Cl. 233, 243-44, 675 F.2d 289, 295 (1982)). Furthermore, a plaintiff must show that the alleged contract was entered into by a federal officer with authority to contract on behalf of the United States. See Trauma Serv. Group v. United States, 104 F.3d at 1325 (citing City of El Centro v. United States, 922 F.2d at 820). The IRS letter that plaintiff refers to lacks the requirements of a valid contract, since the letter does not indicate that the government intended to enter into a binding agreement, containing an exchange of performances or promises, with the plaintiff. Nor does the letter give any indication that the signatory had the authority to bind the government.

In his amended complaint, also plaintiff demands punitive and compensatory damages, and justifies such damages by alleging defendant's liability to him for "reprehensible Act(s) . . . that is reckless; unreasonably risky without care for the risk to [himself], malicious; intending to harm another without reason or justification," along with "Other severe conduct [that] is wanton and willful." Plaintiff asserts in his July 16, 2019 response that he mailed a Form 843 to an IRS address in Kansas City, Missouri, but alleges that the IRS used an incorrect social security number and that the IRS committed a "**fraudulent act, because my form was discarded instead of being mailed back to me, so 'i' could have mailed it to the correct address.**" Defendant argues that plaintiff provided no evidence to support his allegation of fraudulent acts, and further, that any allegations of fraud are allegations which sounds in tort, over which this court lacks jurisdiction.

This court does not have jurisdiction including the alleged "reprehensible" acts, or otherwise "wanton and willful" conduct over claims sounding in tort. See 28 U.S.C. § 1491(a); see also Keene Corp. v. United States, 508 U.S. 200, 214 (1993); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343; Alves v. United States, 133 F.3d 1454, 1459 (Fed. Cir. 1998); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir.), reh'g denied (Fed. Cir. 1997); Golden Pac. Bancorp v. United States, 15 F.3d 1066, 1070 n.8 (Fed. Cir.), reh'g denied, en banc suggestion declined (Fed. Cir.), cert. denied, 513

---

[10] In his amended complaint, under the sub-heading "**Must state 5th Amendment taking claim which this Court could grant a remedy:**" plaintiff lists a number of cases, none of which pertain to a Fifth Amendment takings claim.

U.S. 961 (1994); Rohland v. United States, 136 Fed. Cl. 55, 65 (2018) (citing 28 U.S.C. § 1491(a); and Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343); Golden v. United States, 118 Fed. Cl. at 770; Hampel v. United States, 97 Fed. Cl. 235, 238, aff'd, 429 F. App'x 995 (Fed. Cir. 2011), cert. denied, 132 S. Ct. 1105 (2012); Woodson v. United States, 89 Fed. Cl. 640, 650 (2009); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Agee v. United States, 72 Fed. Cl. 284, 290 (2006); Zhengxing v. United States, 71 Fed. Cl. 732, 739, aff'd, 204 F. App'x 885 (Fed. Cir.), reh'g denied (Fed. Cir. 2006). With respect to plaintiff's demand for punitive damages, punitive damages are not available as a form of relief in this court. See Brown v. United States, 105 F.3d at 624 (noting that appellants' demand for exemplary damages is beyond the jurisdiction of the United States Court of Federal Claims); Harris v. United States, 135 Fed. Cl. 10, 14 (2017) (citing Greene v. United States, 65 Fed. Cl. 375, 379 (2005) (citing Garner v. United States, 230 Ct. Cl. 941, 943 (1982))); Mastrolia v. United States, 91 Fed. Cl. 369, 382 (2010) ("The United States has not waived sovereign immunity with regard to punitive damages.").

Moreover, with regards to plaintiff's allegation in his amended complaint that defendant violated his due process rights, this court lacks the jurisdiction to adjudicate such due process allegations. The United States Court of Appeals for the Federal Circuit has held that this court does not possess jurisdiction to consider claims arising under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution. See Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (concluding that the United States Court of Federal Claims has no jurisdiction over a due process violation under the Fifth and Fourteenth Amendments (citing LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995))); see also Smith v. United States, 709 F.3d at 1116 ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." (citing LeBlanc v. United States, 50 F.3d at 1028)); In re United States, 463 F.3d 1328, 1335 n.5 (Fed. Cir.) ("[B]ecause the Due Process Clause is not money-mandating, it may not provide the basis for jurisdiction under the Tucker Act."), reh'g and reh'g en banc denied (Fed. Cir. 2006), cert. denied sub nom. Scholl v. United States, 552 U.S. 940 (2007); Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d 1327, 1334 (Fed. Cir. 2006); Collins v. United States, 67 F.3d 284, 288 (Fed. Cir.) ("[T]he due process clause does not obligate the government to pay money damages."), reh'g denied (Fed. Cir. 1995); Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988) (finding that the Due Process clauses "do not trigger Tucker Act jurisdiction in the courts"); Murray v. United States, 817 F.2d 1580, 1583 (Fed. Cir. 1987) (noting that the Fifth Amendment Due Process clause does not include language mandating the payment of money damages); Vondrake v. United States, 141 Fed. Cl. 599, 602 (2019) (citing Smith v. United States, 709 F.3d at 1116); Weir v. United States, 141 Fed. Cl. 169, 177 (2018); Maehr v. United States, 139 Fed. Cl. 1, 3-4 (2018) (stating that Smith v. United States, 709 F.3d at 1114, "remains controlling law today"), aff'd, 767 F. App'x 914 (Fed. Cir. 2019), petition for cert. docketed, (U.S. July 11, 2019) (No. 19-5151); Zainulabeddin v. United States, 138 Fed. Cl. 492, 505 (2018) (citing LeBlanc v. United States, 50 F.3d at 1028); Harper v. United States, 104 Fed. Cl. 287,

291 n.5 (2012); Hampel v. United States, 97 Fed. Cl. at 238. Due process claims "must be heard in District Court." Kam-Almaz v. United States, 96 Fed. Cl. 84, 89 (2011) (citing Acadia Tech., Inc. & Global Win Tech., Ltd. v. United States, 458 F.3d at 1334), aff'd, 682 F.3d 1364 (Fed. Cir. 2012).

Finally, plaintiff's claim against JPMorgan Chase, allegedly, for its failure to forward back to plaintiff a "PS FORM 3811," is also outside the court's jurisdiction. Pursuant to the Tucker Act, this court hears only claims filed against the United States. See 28 U.S.C. § 1491; Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). It is well established that this court lacks jurisdiction to hear claims against any party other than the United States. See United States v. Sherwood, 312 U.S. 584, 588 (1941) (noting that "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the [United States Court of Claims]" (citing United States v. Jones, 131 U.S. 1, 9 (1889); Lynn v. United States, 110 F.2d 586, 588 (5th Cir. 1940); Leather & Leigh v. United States, 61 Ct. Cl. 388 (1925))); see also Stephenson v. United States, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before [the United States Court of Federal Claims] is the United States, not its officers, nor any other individual." (emphasis in original) (citing United States v. Sherwood, 312 U.S. at 588)). Even plaintiff appears to recognize in his July 16, 2019 submission that JPMorgan Chase is not a proper defendant in this action or before this court. Because the United States Court of Federal Claims cannot exercise jurisdiction over defendants other than the United States, see Stephenson v. United States, 58 Fed. Cl. at 190, the court dismisses plaintiff's claim against JPMorgan Chase pursuant to RCFC 12(b)(2) for lack of personal jurisdiction.

## CONCLUSION

For all the reasons described above, the court **GRANTS** defendant's motion to dismiss. The Clerk of Court shall enter **JUDGMENT** dismissing plaintiff's complaint, consistent with this Opinion.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**